# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA S. CASSATT, ) | |
| ) | Civil Action No. 10-235E |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| AMANDA WELLNER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Pending before this Court is the unopposed "Motion For Substitution of Party" [Doc. #2] filed by Defendant Amanda Wellner with respect to the action brought against her by Plaintiff Joshua S. Cassatt.

On September 1, 2010, Plaintiff filed a Civil Complaint, *pro se*, with the Commonwealth of Pennsylvania, County of Warren Magisterial District Court. In the Civil Complaint, Mr. Cassatt alleged the following facts. "The Plaintiff was rear ended by the defendant on July 9, 2010. See accident report attached F100703[1] rendering his 1993 Subaru Legacy All Wheel Drive a total loss." Id. Mr. Cassatt further claimed that the total amount of damages owed to him amounted to $3,566.90, inclusive of the replacement value of the car, a rental car for 30 days, and a hospital bill. Id.

On September 20, 2010, Defendant removed the case from the State Court to the Federal District Court pursuant to 28 U.S.C. §§ 1442 and 1446. On September 22, 2010, she filed the

---

[1] The accident report was not attached to the complaint received by this Court.

instant Motion for Substitution of Party.[2]

In support of the Motion for Substitution of Party, Defendant first argues that pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., when a plaintiff alleges that a government employee and/or government agency committed a tort, the plaintiff's exclusive remedy is with the United States of America. Brief In Support of Defendant's Motion for Substitution of Party, p. 1. Defendant further argues that pursuant to 28 U.S.C. § 2679(d), upon a certification by the Attorney General that the employee was acting within the scope of their employment at the time of the incident out of which the suit arose, the United States shall be substituted as the party defendant, and the individuals and/or agencies should be dismissed with prejudice. Id. at p. 2.

Attached to Defendant's Motion for Substitution of Party is a "Certification of Scope of Employment" signed by the United States Attorney for the Western District of Pennsylvania, David Hickton. Defendant's Motion For Substitution of Party, Exhibit A. In the Certification, United States Attorney Hickton states that:

> I, David J. Hickton, United States Attorney for the Western District of Pennsylvania, pursuant to the provisions of 28 U.S.C. § 2679 (1988), as amended by Public Law 100-694, and by virtue of the authority vested in me by the Attorney General of the United States under 28 C.F.R. §15.4, hereby certify that I have read the Complaint in this action and reviewed the allegations against the named defendant. I further certify, on the basis of the information now available to me with respect to the instant case, Amanda Wellner was acting within the scope of her employment as an employee of the United States at the time of the incident alleged in the complaint.

Id.

---

[2] Defendant simultaneously filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction [Doc. #4]. This motion is still pending before the Court.

Section of § 2679(d)(2) of Title 28 of the United States Code states:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

Id. As recently explained by the district court in Lackro v. Kao, 2010 WL 3946296, *4 (E.D. Pa. October 8, 2010): "while the U.S. Attorney's certification does not conclusively resolve the question of substitution [of parties], it does constitute '*prima facie* evidence that the employee's challenged conduct occurred within the scope of employment.' For this reason, 'a plaintiff challenging the certification has the burden of coming forward with specific facts rebutting it'." Id. at *4 (quoting Schrob v. Catterson, 967 F.2d 929, 936 (3d Cir.1992)).

Here, Plaintiff did not file a response to Defendant's Motion for Substitution of Party. Therefore, the only evidence of record we have before us in determining whether Defendant was acting within the scope of her office or employment at the time of the incident out of which the claim arose is the United States Attorney's Certification of Scope of Employment. Based upon this evidence, we find that the challenged conduct did occur within the scope of Defendant's employment with the United States of America. Accordingly, pursuant to 28 U.S.C. § 2679(d)(2), the United States of America shall be substituted as the party defendant. Defendant's Motion for Substitution of Party is granted. An appropriate Order follows:

## **ORDER**

AND NOW, this 27th day of October, 2010, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant Amanda Wellner's Motion For Substitution of Party [Doc. #2] is GRANTED.

It is further hereby ORDERED, ADJUDGED, and DECREED that Defendant Amanda Wellner is DISMISSED as the Defendant in the case, WITH PREJUDICE, and the United States of America is substituted as the sole Defendant in this action.

The Clerk of Court shall amend the caption in this matter to name the United States of America as the Defendant.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge