IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA S. CASSATT, ) | |
| ) | Civil Action No. 10-235E |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

Cohill, Senior District Judge.

## OPINION

Pending before this Court is the unopposed Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) [Doc. #4] of Defendant, United States of America, with respect to the action brought by Plaintiff, Joshua S. Cassatt ("Mr. Cassatt"). For the reasons set forth below, Defendant's Motion to Dismiss is granted.

I. **Background.**

On September 1, 2010, Mr. Cassatt filed a Civil Complaint, *pro se*, with the Commonwealth of Pennsylvania, County of Warren Magisterial District Court. In his Complaint, Mr. Cassatt alleged that Amanda Wellner ("Ms. Wellner") caused an accident by rear-ending his vehicle, which caused damage to himself and his vehicle.

On September 20, 2010, the Government removed the action to this Court pursuant to 28 U.S.C. § 1442 and §1446 on the basis that at the time of the accident, Ms. Wellner was an employee of the United States Department of Veteran Affairs ("VA") working within the scope of her federal employment. By Order of Court dated October 27, 2010, we substituted the United States of America as the Defendant in this case and Ms. Wellner was dismissed from the

1

case.

## II. Standard of Review.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the lack of subject matter jurisdiction over a plaintiff's claims. See Fed.R.Civ.P. 12(b)(1). "At issue in a Rule 12(b)(1) motion is the court's 'very power to hear the case.'" Petruska v. Gannon University, 462 F.3d 294, 302 (3d Cir. 2006), cert den'd, 127 S.Ct. 2098 (2007), quoting, Mortensen v. First Federal Savings and Loan Association, 549 F.2d 884, 891 (3d Cir. 1977). As it is the party asserting jurisdiction, the plaintiff "bears the burden of showing that its claims are properly before the district court." Development Financial Corp. v. Alpha Housing & Health Care, Inc., 54 F.3d 156, 158 (3d. Cir. 1995). Of course, on a motion to dismiss, the district court must read a *pro se* plaintiff's allegations liberally and apply a less stringent standard to a *pro se* pleading than to a complaint drafted by counsel. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972).

## III. Legal Analysis.

The pending Motion to Dismiss for lack of jurisdiction is based on the contention that Mr. Cassatt is not entitled to pursue a claim against the United States because he failed to first exhaust administrative remedies before bringing suit. In support of its Motion to Dismiss, Defendant argues that the VA maintains records of all administrative tort claims that are filed with the VA, and that a search of the tort claims records revealed that Plaintiff never filed an administrative tort claim with the VA. Defendant's Memorandum of Law In Support of her Motion to Dismiss ("Memorandum"), p. 3. Defendant has attached to the Memorandum a Declaration from James Sinwell, an Assistant Regional Counsel for the VA that supports these contentions. See Exhibit A to Memorandum.

2

As a sovereign, the United States is immune from suit unless it consents to be sued. United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Through the Federal Tort Claims Act ("FTCA"), Congress has waived sovereign immunity for actions such as the case at hand, which sound in tort against the United States and its agencies. Pascale v. United States, 998 F.2d 186, 189 (3d Cir. 1993). Before filing suit under the FTCA, however, a plaintiff must file an administrative claim with the appropriate federal agency and the agency must issue a final denial of the claim. See 28 U.S.C. § 2675(a). Specifically, the FTCA requires that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his officer or employment, unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

Id. This administrative exhaustion requirement "is jurisdictional and cannot be waived." 28 U.C.C. §2675(a); Livera v. First National State Bank of New Jersey, 879 F.2d 1186, 1194 (3d Cir. 1989); Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971).

Plaintiff has not presented any evidence to contradict the Sinwell declaration produced by the United States. As a result, this Court has no choice but to conclude that Plaintiff has failed to exhaust his administrative remedies in accordance with 28 U.S.C. § 2675(a) and we lack subject matter jurisdiction to consider Plaintiff's FTCA claim. In laymen's terms, this means that if Plaintiff wants to proceed with this matter, he must first timely present his claim to the VA.

3

## IV. Conclusion.

Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) shall be granted and Plaintiff's Complaint dismissed. An appropriate Order will follow.

November 4th, 2010

Maurice B. Cohill, Jr.
Senior District Court Judge